**CAUSE OF ACTION** Wrongful foreclosure based on forged mortgage instruments, fraudulent lien filing in violation of Fla. Stat. § 817.535, denial of due process under the Fifth and Fourteenth Amendments, and civil rights violations under 42 U.S.C. § 1983. Plaintiff seeks declaratory judgment, injunctive relief, and damages for fraud upon the court under Fed. R. Civ. P. 60(b)(4) and Fed. R. Bankr. P. 9024.

**NATURE OF SUIT (Check up to 5)**

FILED-USBC, FLS-FTL
'25 JUL 21 AM 11:16
MW

     3  14 – Recovery of money/property – other

     1  21 – Validity, priority, or extent of lien

     2  72 – Injunctive relief – other

     4  02 – Other (state law fraud, forgery, and due process violations)

OTHER relief sought

| | |
|---|---|
| **Forgery / False Documents** | - 11 U.S.C. § 548 (fraudulent transfer) \<br> - Fla. Stat. § 817.535 (fraudulent lien filing) |
| **Fraud Upon the Court** | - Fed. R. Civ. P. 60(b)(3) & (4) (fraud, void judgment) \<br> - Fed. R. Bankr. P. 9024 |
| **Violation of Due Process** | - U.S. Const. Amend. V & XIV \<br> - 42 U.S.C. § 1983 (civil rights deprivation under color of law) |
| **Lack of Service / Notice** | - Fed. R. Bankr. P. 7004(h) (service on insured depository institutions) \<br> - Rule 4 Fed. R. Civ. P. (incorporated via Rule 7004) |
| **Forgery / Fraudulent Lien** | - Fla. Stat. § 817.535 (criminal penalties for false lien) \<br> - 11 U.S.C. § 544 (avoidance of fraudulent instruments) |

**Defendants address:**

HSBC    ATTN: Legal
CT Corporation System
28 Liberty Street New York, NY 10005

Mr Copper    Attn: Account  Services
8950 Cypress Waters Blvd Coppell, Tx 75019

Bank of America    Attn: Legal Dept/ Corporate Officer
160 Mine Lake Court suit 200 Raleigh, NC 27615

Sara F Holladay-Topbias McGuire Woods LLP
 50 North Laura Street Suite 3300  Jacksonville, FL 32202-3661

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA – FORT LAUDERDALE DIVISION

CASE NO.: 25-10647-pdr

[PROPOSED] ORDER GRANTING RELIEF FROM VOID JUDGMENT AND STRIKING FRAUDULENT LIEN

THIS MATTER having come before the Court on Plaintiff's Adversary Complaint and Motion pursuant to Fed. R. Bankr. P. 9024 and Rule 60(b)(4), the Court finds as follows:

1. The mortgage underlying the foreclosure action was fully satisfied and publicly released prior to the recording of any modification or second lien.

2. Defendant Nationstar/Mr. Cooper filed an un notarized and  forged Home Affordable Modification Agreement years after the mortgage satisfaction and transfer of property.

3. Plaintiff received no notice of the hearing at which the stay was lifted and foreclosure granted.

4. The foreclosure judgment was obtained without jurisdiction and based upon fraudulent instruments.

5. Plaintiff was denied due process, legal representation, and meaningful opportunity to object.

Accordingly, it is ORDERED:

- The foreclosure judgment entered in Broward County is hereby VACATED as void.
- The second lien recorded on October 22, 2021 is STRICKEN from Broward County Land Records.
- All proceedings based on the invalid modification are permanently ENJOINED.
- Defendants shall CEASE any collection or enforcement activity based on the void instruments.
- This Court retains jurisdiction to consider additional relief and bar referrals.

DONE AND ORDERED in chambers this ___ day of _____, 2025.

_____

UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA – FORT LAUDERDALE DIVISION

CASE NO.: 25-10647-pdr

PLAINTIFF: Kevin Coyle

v.

DEFENDANTS: HSBC Bank USA, Nationstar/Mr. Cooper, Bank of America, et al.

<u>SUPPLEMENTAL MOTION AND NOTICE</u>

<u>IN SUPPORT OF ADVERSARY COMPLAINT</u>

<u>AND REQUEST FOR OVERSIGHT</u>

COMES NOW Plaintiff, Kevin Coyle, and respectfully submits the following supplemental authority, transcript request, and referral for judicial misconduct, in support of the pending adversary complaint and motion under Fed. R. Bankr. P. 9024 and 7001.

## I. REQUEST FOR TRANSCRIPT PRESERVATION

Plaintiff hereby requests expedited production of the official transcript for the September 18, 2023 Zoom hearing held in Broward County Circuit Court, foreclosure division. The hearing included forced withdrawal of counsel (Attorney David Winker), ex parte proceedings, and discussion of sale dates without representation. Said transcript is urgently needed as evidentiary support within the pending bankruptcy adversary proceeding. Clerk and Court Reporter are requested to confirm transcript access procedures and applicable fees.

## II. REFERRAL OF JUDICIAL MISCONDUCT – JUDGE CHRISTOPHER POLE

This referral is based on sworn affidavits, attached exhibits, and direct observation of the following:

- Forced attorney withdrawal on record, under threat of Florida Bar sanctions.
- Proceeding without representation, violating due process.
- Biased conduct and refusal to hear evidentiary objections.
- Ex parte sale-setting discussions.
- Allegations of inappropriate conduct involving minor witnesses present in Plaintiff's youth ministry.

Relief sought includes:

- Immediate review and investigation by the Judicial Qualifications Commission and Florida Bar.
- Reconsideration of foreclosure judgment entered based on fraudulently filed and forged documents, without standing or jurisdiction.
- Restoration of Plaintiff's constitutional protections including right to counsel and jury trial.


## III. INCORPORATED STATUTORY AND RULE-BASED AUTHORITY

This motion incorporates by reference the following:

- Florida Statutes: §§ 817.535, 831.01, 831.06, 772.103, and Constitutional Article I § 9
- Federal Statutes: 11 U.S.C. §§ 105(a), 362, 548; 42 U.S.C. § 1983
- Bankruptcy Rules: Fed. R. Bankr. P. 7001, 9024 (FRCP 60(b)(4))
 Equitable Doctrines: Fraud upon the court, Detrimental Reliance (see *Trinity 83 Dev. LLC v. ColFin*)


Exhibits attached to adversary complaint include:

☐ Title reports confirming mortgage satisfaction
☐ Recorded releases and quitclaim deed
☐ Forged modification agreement
☐ Police report documenting forgery and identity theft
☐ Witness affidavit confirming misconduct during Zoom hearing
☐ CFPB guidance on zombie mortgages and legal violations


### CERTIFICATE OF SERVICE

I certify a  true and correct copy were serve via US mail  7/a/2205 to Reka Beana 110 SE 6th ST  #2400 FT Lauderdale Fl 33301 and the following eMail addresses  7/20/2025

Reka Beane Reka_beane@mccalla.com  mccallaccf@ecf.courtdrive.com
Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
Leslie S Osborne  osbornetrustee@kennethrappaportlawoffice.com lo@trystsolutions.net


Respectfully Submitted,

/s/ Kevin Coyle
Kevin Coyle Pro se Plaintiff
5200 NW 31st Ave #72  Fort Lauderdale, FL 33309
(954) 608-0478 | firmbelieversftl@gmail.com

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.:

ADVERSARY COMPLAINT
RELATED CASE 25-10647-pdr

**RELIEF FOR DAMAGES, DEMAND FOR
TRIAL BY JURY, NO DUE PROCESS,
THEFT, FORGERY, VIOLATION CIVIL
RIGHTS, FILING FRAUDULENT
DOCUMENTS**

Mr. Kevin Coyle, Plaintiff/Debtor

v.

HSBC BANK USA, N.A.,
MR. COOPER (f/k/a Nationstar Mortgage, LLC),
BANK OF AMERICA, N.A.,
Judge Christopher Pole
Mcguire Woods law firm
Jim Hodges
Sara F Holladay-Topbias
Jason R Bowyer
Emily Rottmann
Albertelli Law
James E Albertelli
Silver Jade Bohn
Christopher Lindhardt
McCalla Raymer Leibert Pierce LLP
Marty M Stone
Reka Beane
Creditors/Defendants

## BANKRUPTCY ADVERSARY COMPLAINT
## SUPPLEMENTAL COMPLAINT AND NOTICE TO THE COURT OF FRAUDS, FORGERY, VIOLATION OF DUE PROCESS, VIOLATION CIVIL RIGHTS, NO STANDING

COMES NOW Plaintiff, Mr. Kevin Coyle, falsely named debtor by and through pro se appearance, and respectfully files this complaint and supplement in connection with the bankruptcy previously filed under Case No. 25-10647-pdr, and states the following:

## I. NATURE OF THE CLAIM

This complaint alleges fraud upon the court, forgery, fraudulent lien recording(s), denial of due process, civil rights violations under 42 U.S.C. § 1983, and violation of Florida Statute § 817.535, regarding the filing of false instruments against private real property. Plaintiff seeks a trial by jury and relief under Rule 1.540(b)(4), Fed. R. Civ. P., as made applicable by Fed. R. Bankr. P. 9024, and requests investigation and sanctions against the Defendants. The order to remove the stay and prevent me from filing bankruptcy for 2 years is based on fraud, I am in compliance with the court and was not noticed of the hearing. This court has a duty to correct its errors and set this case for 12 member jury trial. Otherwise, debtors' rights are repeatedly violated, will suffer irreparable harms financially, emotionally at the hands of admitted crimes by Defendants. As this court has no authority to seize or gift Plaintiff private property to admitted criminals, who admit to filing forged, fraudulent documents to deceive the courts.

Additionally, the Defendant counsel was unlawfully removed by threats from a lower court. Plaintiff has a right to an attorney and trial by jury. An affidavit of a witness to this egregious action of the lower courts is not only unlawful, it intentionally creates bias against Plaintiff.

Furthermore, the federal mail service indicates (United States Postal Service), indicates Plaintiff was never properly served of a notice for a hearing in bankruptcy court.

## II. STATEMENT OF FACTS

1. Bank of America issued a fully satisfied mortgage and recorded it as released in the Broward County Land Records on 3/30/201

pg. 2

and released the mortgage12/16/2014 , sent me a fax showing it was released and recorded on their letter head and  these were acted  relied upon and acted upon by Kevin C Coyle and property was sold as it was free and clear see 2  title reports.

**Exhibit A release and satisfaction and fax.   Exhibit B title reports.   Exhibit C police report and forged modification**

2. On or about October 22, 2021, more than 5 years later, the phantom Defendant Mr. Cooper/Nationstar Mortgage LLC recorded a forged second lien, during the foreclosure case, alleging modification of a mortgage released and satisfied during , it does not modify any specific  mortgage, also see police report . EXHIBIT C Police report  and forged modification with out notary, no specific loan is modified

3. The original fake lien was:

Never signed by Plaintiff;
 Forged and unnotarized;
 Rejected by Broward County records, but later entered after alleged inducement;
 Filed on property no longer owned by Plaintiff (sold to Ken Cole in 2017);
 Used as the basis for a fraudulent foreclosure judgment.

4. The foreclosure case proceeded despite admitted evidence of fraud:
   Lack of standing by Nationstar and HSBC;
   No recorded assignment of the mortgage;
   No executed promissory note;
   No proof of tender (consideration);

Lack of jurisdiction due to expired and satisfied mortgage;

Unlawful removal and threats of legal counsel mid-hearing by Judge Christopher Pole, who proceeded to trial and judgment without Plaintiff representation present.

5. During this hearings 9/18/2023 , two minor witnesses from the Plaintiff's youth ministry housing program abruptly exited the virtual proceeding upon recognizing the presiding judge, allegedly due to prior inappropriate contact with the minors under

pg. 3

medical pretenses. These allegations raise serious judicial ethics violations and demand investigation.

6. The foreclosure Judge Christopher Pole is biased, prejudiced and discriminating against Plaintiff/Debtors as they have reported crimes that are known to the judge, as the same party who allegedly made inappropriate advances to minors.

7. The foreclosure judge Christopher Pole caused Plaintiff/Debtor to lose legal counsel as there were threats made to Plaintiff/Debtor counsel on or about 9/18/2023. **See Exhibit E – Witness Affidavit**.

8. The bankruptcy court has no authority to seize or gift Plaintiff/Debtor private property unless there is just cause. Defendants/Creditors admit they have no standing but are simply phantom party(s), attempting to steal private property, to scam and abuse a senior with terminal health issues. *See United States v. Lee, 106 U.S. 196 (1882).*

## III. LEGAL GROUNDS FOR RELIEF

### Count I – Fraud Upon The Court (FRCP 60(b)(3), (4) fraud, void judgment, Fed R Bankr P. 9024)

Defendants knowingly submitted false instruments and relied on forged mortgage documents to obtain judgment.

### Count II – Violation of Due Process

The judgment was entered without proper representation and violated Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments.

### Count III – Filing of Fraudulent Lien (11 USC 548, Fla. Stat. § 817.535)

Defendants filed a knowingly false lien to cloud title and seize property under false pretenses.

### Count IV – Civil Rights Violation (42 U.S.C. § 1983)

Actions of the court and Defendants resulted in the deprivation of rights under color of law.

**Supporting Authority: Detrimental Reliance Bars Rescission**

*"THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT heard arguments in the matter involving Trinity 83 Development, LLC and ColFin Midwest Funding, LLC. The central issue concerned whether a recorded mortgage release could be rescinded after a party relied on it to sell property. The court emphasized that when a party acts in good faith based on a release, equitable principles like detrimental reliance may prevent reinstatement of the lien."*

This case supports Plaintiff's reliance on a recorded mortgage satisfaction and release prior to the property's transfer, barring the Defendants from attempting reinstatement under equitable principles.

### Count V – Theft, Forgery

## IV. REQUESTED RELIEF

Plaintiff respectfully requests the following:

1.  Vacatur of the admitted fraudulent foreclosure judgment as void and unconstitutional.

2.  Order striking the second lien from the land records as void.

3.  Injunction prohibiting enforcement of any related debt or judgment based on the forged lien.

4.  Referral to U.S. Attorney and Florida Bar for investigation into judicial and legal misconduct of Judge Christopehr Pole.

5.  Compensatory and punitive damages as allowed under law for fraud and civil rights violations.

6.  A trial by 12 member jury.

7.  Permission to leave to amend.

8.  Permission to add additional violations of law within 30 days after discovery.

7. All further relief deemed just and proper by this Court.

EXHIBIT A – Mortgage Satisfied Mortgage also  Released  then relied upon as per  Quit claim deed

EXHIBIT B –  2 title reports free and clear,

EXHIBIT C – Police report and fraud modification

EXHIBIT D - Affidavit of Witness

EXHIBIT  E -   AWL, Original Fake Lender, No Registration of Company, New York Secretary of State

and CFPB, Pattern of Unlawful Debt Collection by Phantom, Shell Companies

Respectfully Submitted,
/s/  Kevin Coyle
    Kevin Coyle
 5200 NW 31st Ave # 72 Fort Lauderdale Fl 33309
 954-608-0478  firmbelieversftl@gmail.com

UNITED STATES BANKRUPTCY COURT
Southern District of Florida – Fort Lauderdale Division
Case No.: 25-10647-pdr   Adversary Proceeding No.: _____

SUMMONS IN AN ADVERSARY PROCEEDING
To the following Defendants:

HSBC BANK USA, N.A.
452 Fifth Avenue
New York, NY 10018

MR. COOPER (f/k/a Nationstar Mortgage, LLC)
8950 Cypress Waters Blvd
Coppell, TX 75019

BANK OF AMERICA, N.A.
100 North Tryon Street
Charlotte, NC 28255

Judge Christopher Pole
Broward County Circuit Court
201 SE 6th Street
Fort Lauderdale, FL 33301

McGuireWoods LLP
800 East Canal Street
Richmond, VA 23219

Jim Hodges (McGuireWoods Consulting LLC)
1155 F Street NW, Suite 500
Washington, DC 20004

Sara F. Holladay-Tobias
McGuireWoods LLP
50 N Laura Street, Suite 3300
Jacksonville, FL 32202

Jason R. Bowyer
McGuireWoods LLP
800 East Canal Street
Richmond, VA 23219

Emily Rottmann
McGuireWoods LLP

50 N Laura Street, Suite 3300
Jacksonville, FL 32202

Albertelli Law / ALAW
5404 Cypress Center Dr., Suite 300
Tampa, FL 33609

James E. Albertelli
5404 Cypress Center Dr., Suite 300
Tampa, FL 33609

Silver Jade Bohn
Albertelli Law
5404 Cypress Center Dr., Suite 300
Tampa, FL 33609

Christopher Lindhardt
Albertelli Law
5404 Cypress Center Dr., Suite 300
Tampa, FL 33609

McCalla Raymer Leibert Pierce LLP
225 East Robinson Street, Suite 155
Orlando, FL 32801

Marty M. Stone
McCalla Raymer LLP
1544 Old Alabama Road
Roswell, GA 30076

Reka Beane
McCalla Raymer LLP
225 East Robinson Street, Suite 155
Orlando, FL 32801

You are required to file a motion or answer in response to the complaint with the Clerk of
the Bankruptcy Court within 30 days of the date you receive this summons.

Clerk of Court
U.S. Bankruptcy Court
Southern District of Florida
299 E Broward Blvd #112   Fort Lauderdale, FL 33301
Dated: _____
Clerk's Signature: _____

**EXHIBIT A**

Electors + Sqt isfaction
Relied upon in
Execution of quit claim

12/18/2014  6:26:23 AM  PAGE  1/002

## FACSIMILE COVER SHEET
Bank of America N.A.
2575 W Chandler Blvd
Chandler, AZ 85224

*From:*
Name:
Fax Number:
Voice Phone:

*To:*
Name:  MR COYLE
Company:
Fax Number:  9544841433
Voice Phone:

*Fax notes:*

Number of pages including this cover sheet:    02

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND DESTROY THIS DOCUMENT.                                      THANK YOU.

12/18/2014  6:26:24 AM  PAGE  2/002

INSTR # 112699878
OR BK 51221 Pages 210 - 210
RECORDED 12/16/14 02:36:46 PM
BROWARD COUNTY COMMISSION
DEPUTY CLERK 5030
#1, 1 Pages

Recording Request by
Bank of America N.A.
2575 W Chandler Blvd
Mail Stop: AZI-1804-02-11
Chandler, AZ 85224

When Recorded Mail To:
Kevin Coyle
5200 NW 31st AVE
Fort Lauderdale, Fl 33309-2599

_____

## Release of Mortgage

Loan Numebr 115261981
MERS ID: 100015700059221586
KNOWN ALL MEN BY THESE PRESENTS that Bank of America N.A. Holder of a certain Mortage, whose parties, dates, and recording information are listed below, deoes hereby acknowledge that it has received full payment and satisfaction of the same, and in consideration thereof, does hereby cancel and discharge said Mortgate.
Original Mortgaor: KEVIN COYLE
Original Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, AS NOMINEE FOR AMERICA'S WHOLESALE LENDER.
Dated: 10/19/2005 Recorded: in Book/Reel/Liber: 40772 Page/Folio: 735 instrument number 105473105 in the Official Records in the County of Broward State of Florida.
Tax ID Number:
Property Address: 5200 NW 31st AVE D72 FORT LAUDERDALE, FL 33309-2599
Legal:

IN WITNESS THEREOF, Bank of Amercia, N.A. by the officers duly authorized, has duly executed the foregoing instrument.
Todays Date: 12/11/2014

Bank of America, N.A.
By:

*Bethany Smith*

Bethany Smith, Assistant Secretary

Notary Acknowledgement:
This instrument was acknowledged before me and  satisfactory evidence was provided  to me that  the person(s) whose name(s) is/are subscribed to the within instrument was executed by the same in their capacity and that by Mes/her/their signature(s) of the instrument the person(s) acted, executed the instrument WITNESS my hand and official seal

*Evette Ohanian*

Notary Public: Evette Ohanian
My Comission Expires; DEC 27 2015

EVETTE OHANIAN
COMM. # 1941830
NOTARY PUBLIC · CALIFORNIA
LOS ANGELES COUNTY
MY COMM. EXPIRES DEC 27, 2015

BEST IMAGE AVAILABLE

Document Prepared By and
When Recorded Return To:
LIEN RELEASE DEPARTMENT
Bank of America
2575 W Chandler Blvd
Mail Stop: AZ1-1804-02-11
Chandler, AZ 85224

Kevin Coyle
5200 NW 31st Ave #72
Fort Lauderdale, FL 33309

## SATISFACTION OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS: Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing LP the mortgagee ("Mortgagee") of a certain mortgage executed by KEVIN COYLE dated 9/30/2005 recorded 10/13/2005 in Official Records Book OR 40772, Page 733, Instrument #105473105 in the Official of the Clerk of Circuit Court of Broward County State of Florida, upon the certain property situated in said State and County hereby acknowledges full payment and satisfaction of said mortgage, and surrenders the same as cancelled, and hereby directs the Clerk of the Circuit to cancel the said record.

IN WITNESS WHEREOF, the said Corporation has caused these presents to be executed in its name by its proper officers thereunto duly authorized, this date of 12/11/2014

Bank of America, N.A. Successor by merger to BAC Home
Loan Servicing, LP fka Countrywide Loans Servicing LP
By

Jason Lester
Assistant Vice President

Witness                         Witness

Selma P Gooden                  Angela Lucas-Johnson
Assistant Vice President        Assistant Vice President

STATE OF ARIZONA
COUNTY OF Maricopa

On 2/15/10 before me Shirley Humbard, Notary Public, personally appeared Jason Lester, Assistant Vice President of Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, witness identity was proven to me on the basis of satisfactory evidence (s) to be the person who he or she claims to be and whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity; and that by his/her signature on the instrument the same person or entity upon behalf of which the person acted, executed the instrument.
IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal the day and year last written

Shirley Humbard, Notary Public

INSTR # 112699878, OR BK 51331 PG 210, Page 1 of 1, Recorded 12/16/2014 at
02:36 PM, Broward County Commission, Deputy Clerk 5030

Case 23-01234-PDR Doc 1 Filed 07/21/23 Page 17 of 42

Recording Requestdby
Bank of America N.A.
2575 W Chandler Blvd
Mail Stop: AZ1-1804-02-11
Chandler, AZ 85224

When Recorded Mail To:
Kevin Coyle
5200 NW 31st AVE
Fort Lauderdale, Fl 33309-2599

Release of Mortgage

Loan Numebr 115261981
MERS ID: 100015700059221586
KNOWN ALL MEN BY THESE PRESENTS that Bank of America N.A. Holder of a certain Mortage,
whose parties, dates, and recording information are listed below, does hereby acknowledge that it has
received full payment and satisfaction of the same, and in consideration thereof, does hereby cancel
and discharge said Mortgate
Original Mortgaor: KEVIN COYLE
Original Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, AS NOMINEE
FOR AMERICA'S WHOLESALE LENDER.
Dated: 10/19/2005 Recorded: in Book/Reel/Liber: 40772 Page/Folio: 735 instrument number
105473105 in the Official Records in the County of Broward State of Florida
Tax ID Number:
Property Address: 5200 NW 31st AVE D72 FORT LAUDERDALE, FL 33309-2599
Legal:

IN WITNESS THEREOF, Bank of Amercia, N. A. by the officers duly authorized, has duly executed
the foregoing instrument.
Todays Date; 12/11/2014

Bank of America, N.A.
By:

Bethany Smith, Assistant Secretary

Notary Acknowledgement:
This instrument was acknowledged before me and satisfactory evidence was provided to me that the
person(s) whose name(s) is/are subscribed to the within instrument was executed by the same in their
capacity and that by Mcs/her/their signature(s) of the instrumet the person(s)acted, executed the
instrument. WITNESS my hand and official seal

Notary Public: Evette Ohanian

My Comission Expires; DEC 27 2015



EVETTE OHANIAN
COMM. # 1961990
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
MY COMM. EXPIRES DEC.27, 2015

# QUIT CLAIM DEED

**Property Appraiser's Parcel Identification No. 4942 17 BA 0570**

**This Quit Claim Deed, Executed this 3rd day of April , 2017,**

**By  Kevin Coyle (first party)**

**To Ken Cole (second party)**

**Whose post office address is 5200 NW 31ˢᵗ Ave #72 Fort Lauderdale Fl 33309**
(wherever used herein the terms "first party" and "second party" shall include singular and plural, heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations, wherever the context so admits or requires.)

**Witnesseth, That the said first party, for and in consideration of the sum  of TEN DOLLARS ($ 10.00), in hand paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quit-claim unto the said second party forever, all the right, title, interest, claim and demand which the said first party has in and to the following described lot, piece or parcel land, situate, lying and being in the County of Broward, State of Florida To Wit:**

**LEGAL DESCRIPTION unit D-72 Villas at Lake view a condominium according to the declaration of condominium thereof as recorded in the official records book 40262 page 1239 of the records of Broward County Florida.**

**To have and to hold the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate , right, title, interest, lien, equity and claim whatsoever for the said first party, either in law or equity, to the only proper use, benefit and behalf of the said second party forever.**

②

In Witness Whereof, the said first party has signed and sealed these presents the day and year first above written.

Signed, sealed, and delivered in the presence of :

_Kevin Coyle_
Signature of First Party

**Witness Signature as to First Party**

Richard Smith
**Printed Name**

Kevin Coyle
**Printed Name**

Matthew Summers
**Witness Signature as to First Party**

5200 NW 31st AVE
**Post Office Address**

MATTHEW SUMMERS
**Printed Name**

Fort Lauderdale Fl 33309

_____
**Witness Signature as to Co-First Party (if any)**

_____
**Signature of Co-First Party (if any)**

_____
**Printed Name**

_____
**Printed Name**

_____
**Witness Signature as to Co-First Party (if any)**

_____
**Post Office Address**

_____
**Printed Name**

_____

**STATE OF FLORIDA-COUNTY OF BROWARD**
The foregoing instrument was acknowledged before me this 3rd day of  April, 2017, by Kevin Coyle  , who is personally known to me or has produced  identification and who did take an oath.

_Nancy Hogan_
**Signature of Notary/Deputy Clerk**

NANCY K. HOGAN
Notary Public - State of Florida
My Comm. Expires Jul 29, 2017
Commission # FF 40667

_____
**Printed Name**

**EXHIBIT** B

2 Title Reports
Free and Clear



Telephone: 954.571.7900                                    Fax: 954.418.7900

## OWNERSHIP AND ENCUMBRANCE REPORT

July 1, 2017

Re:     Ken Cole

File Number: 5200 NW 31 AVE 72

Legal Description:

Condominium Unit No. D-72, of VILLAS AT LAKEVIEW, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 40262, Page(s) 1239, and any amendments thereto, if any, of the Public Records of Broward County, Florida, together with an undivided interest in the common areas, if any.


Property Address:          5200 NW 31 Ave #72
                           Fort Lauderdale, FL 33309

Tax Folio No:              4942 17 BA 0570
                           Note: Tax Search Included


We have searched our records as they pertain to the above referenced land, and find that Record Title appears vested in Kevin C. Coyle, by virtue of a Special Warranty Deed dated 09/30/2005, recorded 10/19/2005 in Official Records Book 40772, at Page 732 of the Public Records of Broward County, Florida.

*And that the following Encumbrances remain Unsatisfied of Record.*


**Mortgages & Encumbrances:**  not including matters that would otherwise be considered B-II Exceptions in a Commitment for Title Insurance:

1.  Mortgage recorded in Official Records Book 40772 at Page 735 of the Public Records of Broward County, Florida.
2.  Assignment of Mortgage recorded in Official Records Book 46801 at Page 1433 of the Public Records of Broward County, Florida.
3.  Assignment of Mortgage recorded in Official Records Book 50204 at Page 856 of the Public Records of Broward County, Florida.
4.  Release of Mortgage recorded in Official Records Book 51321 at Page 210 of the Public Records of Broward County, Florida.
5.  Release of Mortgage recorded under Instrument Number 112893551 of the Public Records of Broward County, Florida.
6.  Mortgage recorded in Official Records Book 40772 at Page 754 of the Public Records of Broward



County, Florida.

7. Lis Pendens recorded in Official Records Book 46644 at Page 1723 of the Public Records of Broward County, Florida.

8. Amended Lis Pendens recorded in Official Records Book 51349 at Page 462 of the Public Records of Broward County, Florida.

9. Amended Lis Pendens recorded under Instrument Number 112735161 of the Public Records of Broward County, Florida.

10. Notice of Appeal recorded under Instrument Number 112941908 of the Public Records of Broward County, Florida.

**Judgments & Liens:**

1. None

**Names Searched:** for a period of twenty years prior to the effective date:

1. Kevin C. Coyle – Final Judgment recorded in Official Records Book 47101, Page 1996, of the public Records of Broward County, Florida.

**Tax Information:**

2016 Tax Year Parcel/Folio No.: 4942 17 BA 0570
2016 Tax Year Gross Tax Amount: $ 728.14
Exemptions: Type: HMSTD
Mandatory Refuse: NO
Status of 2016 Tax Year Payment: PAID        Amount Paid: $ 699.01   Date Paid: 11/23/2016
No prior tax years are delinquent.

**ALL TAX INFORMATION MUST BE VERIFIED--CONTACT TAX COLLECTOR FOR FINAL DISPOSITION (Broward County Tax Collector: 954-831-1400)**

Tax Sales and Municipal Liens are not covered by this Report.

This Report is not a Legal Opinion of Title and should not be construed as dealing with the Quality of Title used as a Certified Abstract of Title, Title Insurance Commitment or Title Insurance Policy.

Liability under this Report is Limited to the fee charged therefore.

This Report covers the period from January 1, 1978 through the Effective Date of March 1, 2017 at 8:00 AM.



Date Prepared: March 8, 2017
Report No: TW-1700244Cole

By: _____
         Authorized Signatory

**EXHIBIT** C

Police Report and
Forged modification

What loan is Modified here?

## REPORTING OFFICER NARRATIVE

| Ft Lauderdale Police Department | | OCA 34-1805-069212 |
|---|---|---|
| Victim COYLE, KEVIN CARROLL | Offense FRAUD - ALL OTHER | Date : Time Reported Wed 05/02/2018 16:33 |

On 5/2/18 at approximately 1630 hours contact was made with Kevin Coyle in the FLPD lobby. Coyle advised in 2014 he went through legal proceedings to release a foreclosure and mortgage that was on his name (14-211565). Coyle had the foreclosure and fraudulent loan released and provided paperwork indicating that. On 4/30/28 Coyle received letters from lawyers advising him that they can assist him with his foreclosure. Coyle began to investigate the claims and discovered through the "Broward case search" website that there was a "Home Affordable Modification Agreement" in the amount of $81,699.20 fraudulently signed in his name. Coyle provided documents of the agreement with his named signed on the papers. Coyle advised the papers were signed fraudulently and it was not him that signed it. Coyle advised he needed a report stating his claims so he can present it to a judge to have the foreclosure released. Coyle advised he has not been contacted by a bank in reference to the debt and when he contacted the bank on the loan agreement they advised they did not know anything about it. There are no current suspects. Coyle signed the Victim Affidavit confirming prosecution. Det. Arenas was notified about the incident. Coyle was given a case card with follow up information.

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated therein are true and correct to the best of my knowledge and belief.

Electronically signed by: N. Cuevas 1837 Date: 5/2/18

Instr# 117682241, Page 1 of 9, Recorded 10/22/2021 at 02:31 PM
Broward County Commission
Mtg Doc Stamps: $285.95 Int Tax: $163.40

Case 25-01254-PDR   Doc 1   Filed 07/21/25   Page 26 of 42

**After Recording Return To:**
**NATIONSTAR MORTGAGE LLC**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TX 75019**

**This Document Prepared By:**
_PATRICK ODIMULA_
**NATIONSTAR MORTGAGE LLC**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TX 75019**

**Parcel ID Number:** _____

_____ [Space Above This Line For Recording Data] _____
Original Loan Amount: **$176,700.00**                                                          Loan No. _____
New Money: **$81,699.20**

# HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower ("I"): **KEVIN COYLE**. Dated this _25_ day of _May_, _2017_. If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Lender or Servicer ("Lender"): **Nationstar Mortgage LLC, whose address is 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019**

Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):
_____, ____ and recorded in Book/Liber **N/A**, Page **N/A**, Instrument No: **N/A**, recorded on _____, _____, of the Official Records of County, FL.

Property Address ("Property"): **5200 NW 31ST AVE APT D72**
**FORT LAUDERDALE, FL 33309**

**Legal Description:**

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.     **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));

E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

G. I have made or will make all payments required under a trial period plan.

H. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

I. Our records indicate that you are the Debtor in an active bankruptcy proceeding. Please be advised that Court and/or Bankruptcy Trustee approval of this loan modification agreement may be required depending upon jurisdictional requirements. If approval of the loan modification is required, Nationstar will not honor the loan modification agreement until evidence of the required approval is provided.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **June 1, 2017** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **June 1, 2017**.

A. The Maturity Date will be: **March 1, 2038**.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past

due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$258,121.29** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. **$125,872.00** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and will be treated as non-interest bearing principal forbearance. I will not pay interest or make monthly payments on the Deferred Principal Balance. In addition, **$125,872.00** of the Deferred Principal Balance is eligible for forgiveness (the "Deferred Principal Reduction Amount"). Provided I am not in default on my new payments such that the equivalent of three full monthly payments are due and unpaid on the last day of any month, on each of the first, second and third anniversaries of **March 3, 2017**, the Lender shall reduce the Deferred Principal Balance of my Note in installments equal to one-third of the Deferred Principal Reduction Amount. Application of the Deferred Principal Reduction Amount will not result in a new payment schedule. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$132,249.29**. Interest at the rate of **2.000%** will begin to accrue on the Interest Bearing Principal Balance as of **May 1, 2017** and the first new monthly payment on the Interest Bearing Principal balance will be due on **June 1, 2017**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|-------|---------------|---------------------------|-----------------------------------|-------------------------------|-----------------------|-------------------|----------------------------|
| 1-5 | 2.000% | May 01, 2017 | $647.27 | $97.08 May adjust periodically | $744.35 May adjust periodically | June 01, 2017 | 60 |
| 6 | 3.000% | May 01, 2022 | $697.14 | May adjust periodically | May adjust periodically | June 01, 2022 | 12 |
| 7 | 4.000% | May 01, 2023 | $746.20 | May adjust periodically | May adjust periodically | June 01, 2023 | 12 |
| 8-21 | 4.125% | May 01, 2024 | $752.10 | May adjust periodically | May adjust periodically | June 01, 2024 | 166 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal

balance.

I further understand that, provided I am not in default under the terms of this Agreement and I pay my Note in full (i) any time more than 30 calendar days after the Modification Effective Date, and (ii) prior to the application of the entire Deferred Principal Reduction Amount, I shall be fully vested in and entitled to the unapplied amount of the Deferred Principal Reduction Amount and the unapplied amount shall be deducted from my payoff balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. I agree to pay in full the Deferred Principal Balance less any Deferred Principal Reduction Amount to which I am entitled, and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

4. **Additional Agreements.** I (the borrower) agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all

sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has a mailing address of P.O. Box 2026, Flint, MI 48501-2026, a street address of 1901 E Voorhees Street, Suite C, Danville, IL 61834, and telephone number of (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity.    In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability

and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. Pursuant to Section 199.145(4)(b), Florida Statutes, additional nonrecurring intangible tax is due. This Mortgage is given in connection with the refinancing of an obligation secured by an existing mortgage, recorded in Official Records Book N/A, Page N/A, Instrument No: N/A, Public Records of County, Florida from the Mortgagor hereunder to the Mortgagee hereunder, or to the assignor of the Mortgagee hereunder. As of the date of refinancing, the unpaid principal balance of the original obligation, plus accrued by unpaid interest, secured by the existing mortgage is equal to $176,422.09. The principal balance of the new obligation secured by this Mortgage is $258,121.29, which amount represents, as of the refinancing, the excess of the unpaid principal balance of the original obligation, plus accrued by unpaid interest. Notwithstanding anything to the contrary contained in the foregoing, if the obligor under the new obligation is not liable to the obligee under the obligation secured by this Mortgage, then the additional nonrecurring intangible tax shall be computed on the entire principal balance of the new obligation.

Q. In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, if permitted by applicable law, I will remain liable for and bear my own attorney fees and costs incurred in connection with any such action(s).

In Witness Whereof, the Lender and I have executed this Agreement.

**KEVIN COYLE**   -Borrower      Date: 5/25/17

Form 3157 3/09 (rev. 10/10) (page 6 of 7 pages)

**Nationstar Mortgage LLC**

By: _____ (Seal) – Lender

Name: _PATRICK ODIMULA_

Title: **Assistant Secretary**

_5-31-2017_

Date of Lender's Signature

Form 3157  3/09  (rev. 10/10) [page 7 of 7 pages]

Loan No.
Borrower: KEVIN COYLE

## AGREEMENT TO MAINTAIN ESCROW ACCOUNT

WHEREAS, KEVIN COYLE ("Borrower") desires Nationstar Mortgage LLC ("Lender") to collect payments from Borrower to be held by Lender for the payment of certain sums due in connection with Borrower's Note and Security Instrument, dated _May 25, 17_, (hereinafter referred to as "Note" and "Security Instrument" respectively) currently held by Lender;

NOW THEREFORE, in consideration of the foregoing and the mutual covenants contained in this Agreement ("Agreement"), Borrower agrees to pay Lender, on the day Periodic Payments are due under the Note, until the Note is paid in full, or the Escrow Account is otherwise terminated pursuant to this Agreement or in accordance with applicable law, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Security Instrument; and (d) Mortgage Insurance Premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums. These items are called "Escrow Items." In the event that Borrower receives bills, assessments, invoices, or other requests for payment of Escrow Items, Borrower shall promptly furnish to Lender all such notices.

Borrower shall pay Lender the Funds for Escrow Items unless this Agreement is terminated either by Lender, or pursuant to applicable law. In the event of termination, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. In the event Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may pay such amount in accordance with the terms of the Note and Security Instrument and Borrower shall then be obligated to repay Lender any such amount. Additionally, if Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may, in accordance with applicable law, require Borrower to maintain an Escrow Account.

Borrower agrees to make an initial payment of Funds to establish the escrow account, which amount shall be based on an estimate of the amount and date of expenditures for future Escrow Items, or otherwise in accordance with the Real Estate Settlement Procedures Act ("RESPA"). The estimate of expenditures of future Escrow Items shall be made based on current data available to Lender. Borrower acknowledges that the actual payments of Escrow Items may vary from the estimated amounts.

Lender will collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time period specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless agreed to in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA. If there is a deficiency

Loan No.:
Borrower: KEVIN COYLE

of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument or termination of this Agreement, Lender shall promptly refund to Borrower any Funds held by Lender.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement to Maintain Escrow Account.

_Kevin Coyle_                                    Date: 5/25/17
**KEVIN COYLE** -Borrower

**EXHIBIT** D

Witness Aff

## AFFIDAVIT AND STATEMENT OF TRUTH

I, Linda Nash, declare under penalty of perjury that the following is true and correct:
I was invited by the Defendant to observe a Zoom hearing in the 17th Circuit Court in
Broward County, Florida, on September 18, 2023. During introductions, my phone
number appeared on screen and the judge asked who I was. I identified myself as Linda
Nash, CEO of Homeowners Legal Rights, and stated that I was attending solely as an
observer.

When attorney David Winker introduced himself as counsel for the Defendant, the judge
immediately instructed him to leave the hearing and withdraw from the case. Mr. Winker
explained that he was retained by the Defendants, but the judge repeated the directive
and warned him that failing to comply could result in consequences with the Florida Bar.

After Mr. Winker left, the only people remaining on the Zoom call were myself, the
Judge, the Plaintiff's attorney and the court recorder. The judge then continued with the
hearing and the Plaintiff's attorney and the Judge discussed setting a sale date for Mr.
Ken Cole's property with out any obstruction or objections to the Plaintiff's Motion as
there was no one remaining on the call to argue on behalf of the Defendants the issued
raised and filed in the case by the Defense just days before the hearing.

I was asked by the Defendants to be an observer on this call as the Defendants' former
attorney had recently been suspended from practice, Mr. Cole was in Canada, and Mr.
Coyle was ill from undergoing Cancer treatments.

I affirm that this statement is based on my direct observations and communications.

_Linda Nash_                                           DATE _7/17/2025_

Linda Nash CEO HLR

# Notary Statement

**STATE OF FLORIDA**
**COUNTY OF SUMTER**

The foregoing instrument was acknowledged before me this 17th day of July, 2025, by _Linda Nash_.

Individual name

SAVANNAH HAMILTON
Notary Public - State of Florida
Commission # HH 378213
My Comm. Expires Mar 23, 2027
Bonded through National Notary Assn.

Notary (Signature)

**Notary Seal**

Notary Savannah Hamilton

Personally Known _____ OR Produced Identification _✓___

Type of Identification Produced

FL. Driver's License #N200-521-47-705-0

**EXHIBIT** E

AWl is Fake

CFPD this is Unlawful Debt Collection
by Phantom Shell Companies

- DSNews - https://dsnews.com -

# CFPB Issues Further Guidance on 'Zombie Mortgages'

Posted By *Kyle Horst* On April 26, 2023 @ 4:19 pm In CFPB,Collections,Commentary,Daily Dose,Default Servicing,Featured,Foreclosure,Foreclosure/Bankruptcy,Government,Government,Loss Mitigation,Loss Mitigation,Market Studies,Market Trends,News | <u>Comments Disabled</u>



The Consumer Financial Protection Bureau (CFPB) has issued guidance to protect consumers from illegal collection tactics on so called "zombie mortgages" due to the fact that it is illegal for debt collectors to sue or even threaten to sue to collect on these debts past the statue of limitations or in other illegal fashions.



Covered by the Fair Debt Collection Practices Act, collectors cannot threaten to foreclose on homes with debts due past the statue of limitations—this advisory opinion clarifies that a covered debt collector who brings or threatens to bring a state court foreclosure action to collect a time-barred mortgage debt which violates the Fair Debt Collection Practices Act. time-barred debt is one whose statute of limitations has expired.

The CFPB is issuing today's advisory opinion in light of a series of actions by debt collectors attempting to foreclose on silent second mortgages, also known as zombie mortgages, that consumers thought were satisfied long ago and that may be unenforceable in court.

"Some debt collectors, who sat silent for a decade, are now pursuing homeowners on zombie mortgages inflated with interest and fees," said CFPB Director <u>Rohit Chopra</u> [1]. "We are making clear that threatening to sue to collect on expired zombie mortgage debt is illegal."

According to the release, leading up to the 2008 financial crisis, many lenders relied on predatory practices to lock homebuyers into mortgages they could not repay. In the case of today's advisory opinion, the CFPB is focusing on "piggyback" mortgages. Generally, this piggyback mortgage

🏛 **The Court Finally Realized Countrywide Created 3.5 Million Fraudulent Loans**

Source: Tampa REIA (https://tampareia.com/articles/the-profit/april-2016/the-court-finally-realized-countrywide-created-3-5-million-fraudulent-loans/)

🔍 **Overview of the Scheme**

- Countrywide Home Loans created a trade name called America's Wholesale Lender (AWL) to issue loans nationwide.

- AWL was not a real company—just a DBA (doing business as)—and had no legal standing.

- Countrywide falsely claimed AWL was a New York corporation, though it was never registered with the New York Secretary of State.

⚠ **Legal Issues**

- A trade name cannot own property, file lawsuits, or hold mortgages.

- Some state officials refused to record AWL's loans when they discovered it wasn't a legal entity.

- Countrywide ignored this and listed AWL as a legitimate corporation on mortgage documents.

⚖ **Court Ruling**

- In St. Lucie, Florida, a court ruled on February 15 that AWL had no right to conduct business in the state.

- The court found that AWL was a "legal fiction," and the loan was invalid.

- MERS (Mortgage Electronic Registration Systems) helped assign these fraudulent loans, violating the Universal Commercial Code.

☐ **National Impact**

- In January 2015, the U.S. Supreme Court clarified the power of TILA rescission, giving homeowners a tool to fight back.

- This ruling allows borrowers and investors

**The Court Finally Realized Countrywide Created 3.5 Million Fraudulent Loans**

Posted on April 13, 2016 by

I have written dozens of articles about the massive mortgage swindle the banks pulled over on us. The article that generated the most response was one I wrote in 2013 in which I detailed how Countrywide created 3.5 million fraudulent mortgages. They did it by creating a trade name (DBA) called America's Wholesale Lender (AWL) that would write loans for them in all 50 states. Well, it took a little while, but we finally have a court ruling that could demolish the America's Wholesale Lender scheme!

For those of you who don't know the origins of this scheme, it all started with Countrywide trying to save some money. In order to avoid the licensing fees, corporate taxes, and regulatory costs that each state charges a company looking to operate within its borders, Countrywide created the trade name America's Wholesale Lender, which they registered in each state. Then they got to work writing mortgages. The problem with this scheme is that a trade name is not a legal entity. It has no ability to own property, file lawsuits or hold security interests.

When a few state recorders noticed that AWL wasn't an actual company, but a trade name, they refused to record the loans. Countrywide decided to go full throttle into the fraud and listed the lender on their mortgages as "America's Wholesale Lender, a Corporation organized and existing under the laws of New York". After that, their loans went through without a hitch.

This change is what helped the court in St. Lucie Florida rule against AWL on February 15. The court found that there is enough evidence to show that it was not, in fact, a New York Corporation, and had no right to conduct business in Florida. After AWL, a made-up entity, created the loan, MERS came in and covered for Countrywide's fraud by assigning the loan around. The court found this was against the state's Universal Commercial Code.

Put simply, a loan that was created by a legal fiction and then assigned by another legal fiction into a trust outside of parameters of its PSA. The court saw through this ruse, and came out on the side of the homeowner.

All around the country, the law is catching up to the banks. In January of 2015, the Supreme Court ruled as clearly as possible in the homeowners favor by clarifying the power of TILA rescission to allow homeowners and real estate investors to fight back against the banks and their ridiculous schemes, like AWL.

Not only has TILA rescission provided homeowners with a powerful tool to stop foreclosure and stay in their house longer, it also creates an opportunity for investors to do some pretty amazing deals. The tides have turned and the banks are being forced to negotiate on our terms. No more begging the banks to accept our short sale and REO offers only to have them demand ridiculously high prices. We can now get the banks to the table and demand that they prove they have the right to enforce a loan.

This makes it more important than ever that homeowners and real estate investors act NOW. This is a massive opportunity for real estate investors. If you know of anyone with a defaulted or underwater note, you need to get in contact with my office immediately at (706)-485-0162. I have spent the last two years building up a team of experienced attorneys and fraud examiners/forensic auditors who specialize in exposing fraud committed in the mortgage process and using that fraud as leverage to negotiate the sale of notes. This opportunity is not going to be available forever; we need to strike while the iron is hot!

We have a huge opportunity to help homeowners and do some great deals with multiple exit strategies. For more information, call me at 706-485-0162.